FILED
United States Court of Appeals
Tenth Circuit

April 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMERICO BAZAN LLANOS,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 13-9589
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

Americo Bazan Llanos is a native and citizen of Peru who entered the United

States in 2000. In 2010, the Department of Homeland Security issued a notice to

appear charging Mr. Llanos with having overstayed his six-month visa. Mr. Llanos

appeared initially before an immigration judge (IJ) on January 26, 2011, and was

granted a three-month continuance. At an IJ hearing on April 27, 2011, he conceded

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his removability, and stated he would be seeking adjustment of status based on a I-130 petition filed by his current wife's United States citizen sister. *See* 8 U.S.C. § 1255(i) (providing for adjustment of status for certain aliens physically present in United States).

The IJ thereafter granted Mr. Llanos two more continuances to perfect his eligibility for adjustment of status. When he appeared before the IJ on July 18, 2012, without proof that he had obtained the necessary approvals, the IJ denied him a further continuance, rejected his request for administrative closure, ordered him removed to Peru, but granted him voluntary departure. The BIA dismissed his appeal from the IJ's decision, and he petitioned this court for review.

Mr. Llanos argues that (1) the IJ abused his discretion in denying him an additional continuance; (2) the IJ's decision failed to adequately address his requests for a continuance and for administrative closure; (3) the BIA improperly considered evidence outside the record in reaching its decision; and (4) the BIA failed to weigh the proper factors in evaluating his request for administrative closure. "We review the decision to deny a continuance for an abuse of discretion." *Luevano v. Holder*, 660 F.3d 1207, 1213 (10th Cir. 2011) (ellipsis and internal quotation marks omitted). The decision to deny administrative closure is likewise reviewed for an abuse of discretion. *Vahora v. Holder*, 626 F.3d 907, 919 (7th Cir. 2010).[1]

---

[1] The government argues that administrative closure is a discretionary decision outside the scope of our review because there is no meaningful standard against

(continued)

- 2 -

Having carefully considered Mr. Llanos's brief, the government's response brief, the administrative record and the relevant law in light of the applicable review standards, we discern no reversible error in the issues raised, and therefore deny the petition for review.

The petition for review is denied.

Entered for the Court

John C. Porfilio
Circuit Judge

---

which to judge the agency's exercise of its discretion. For the reasons stated in *Vahora*, 626 F.3d at 914-19, however, we disagree and conclude that the agency's decision to deny administrative closure is reviewed under the abuse-of-discretion standard.